IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

FILED
MAY 8 2012
CLERK, US DISTRICT COURT
NORFOLK, VA

SEBRENA Y. TUCKER,

    Plaintiff,

v.

Removed Case From
Hampton Circuit Court
Civil Action No. 4:12cv 69

U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR THE STRUCTURED
ASSET SECURITIES CORP. MORTGAGE
PASS-THROUGH CERTIFICATES,
2006-EQ1,

WELLS FARGO, N.A. d/b/a
AMERICA'S SERVICING COMPANY,

EQUITY TRUSTEES, LLC,

AND

MORTGAGE ELECTRONIC
REGISTRATION SERVICE, INC.,

    Defendants.

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441 and 1446, Defendants, U.S. Bank National Association, as Trustee for the Structured Asset Securities Corp. Mortgage Pass-Through Certificates, 2006-EQ1 ("U.S. Bank"), Wells Fargo Bank, N.A., d/b/a Americas Servicing Company ("Wells Fargo"), Equity Trustees, LLC ("Equity Trustees") and Mortgage Electronic Registration Service, Inc. ("MERS") (collectively, "Defendants"), by counsel, and without waiving any available defenses or rights, hereby remove the case styled *Sebrena Y. Tucker v. U.S. Bank National Association, as Trustee for the Structured Asset Securities Corp.*

*Mortgage Pass-Through Certificates, 2006-EQ1, Wells Fargo, N.A. d/b/a America's Servicing Company, Equity Trustees, LLC, and Mortgage Electronic Registration Service, Inc., Case No. CL12-1002* ("State Court Action"), from the Circuit Court for the City of Hampton, Virginia to the United States District Court for the Eastern District of Virginia ("District Court"). Removal is based upon 28 U.S.C. § 1332 because U.S. Bank is a citizen of Ohio, Wells Fargo is a citizen of South Dakota, the Plaintiff is a citizen of Virginia, and the amount in controversy exceeds $75,000.00. Removal is also based upon 28 U.S.C. § 1331 because the Complaint alleges violations of "federal law." (Compl. ¶¶ 46, 58, 59, 60, 61 and 64). Defendants further show unto the Court as follows:

1. The plaintiff, Sebrena Y. Tucker ("Plaintiff"), commenced this action against Defendants by filing this lawsuit in Hampton Circuit Court on April 13, 2012, naming four (4) defendants. The named defendants are U.S. Bank, Wells Fargo, Equity Trustees and MERS. Each defendant was served on April 16, 2012. The Plaintiff seeks damages and injunctive relief regarding certain real property, secured by a deed of trust in the principal amount of $108,000.00 and located at 474 Holloman Drive, Hampton, Virginia 23666.

2. 28 U.S.C. § 1332(a)(1) provides that the "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."

3. 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

4. The amount in controversy exceeds $75,000.00 because Plaintiff seeks damages in excess of $75,000.00 and injunctive relief regarding certain real property that is secured by a deed of trust in the principal amount of $108,000.00.

5. The Plaintiff is a citizen of the Commonwealth of Virginia.

6. U.S. Bank is a citizen of Ohio because its articles of association establish that location as their main office. *See* 28 U.S.C. 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) ("[A] national bank, for 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."). The jurisdictional basis for removal exists because there is complete diversity of citizenship.

7. Wells Fargo is a citizen of South Dakota because its articles of association establish that location as its main office. *See* 28 U.S.C. 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006).

8. MERS is nominal defendant and/or are fraudulently joined in an attempt to destroy the Court's diversity jurisdiction. Thus, this Court should not consider the citizenship of MERS for removal purposes. *See Sheppard v. BAC Home Loans Servicing, LP*, No. 3:11cv62, 2012 U.S. Dist. LEXIS 7654 (W.D. Va. Jan. 24, 2012) (denying plaintiff's motion to remand and holding that MERS was fraudulently joined).

9. The remaining defendant, Equity Trustees, is sued in its capacity as Substitute Trustee and is a nominal defendant and/or is fraudulently joined in an attempt to destroy the Court's diversity jurisdiction. Thus, this Court should not consider the citizenship of Equity Trustees for removal purposes. *See Kenny v. Bank of America, N.A.*, No. 4:11cv120, 2011 U.S. Dist. LEXIS 139168 (E.D. Va. Dec. 5, 2011) (denying plaintiff's motion to remand and holding that the trustee was fraudulently joined).

10. The jurisdictional basis for removal also exists pursuant to 28 U.S.C. § 1441(b), which states, "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." Plaintiff could have filed this action in the District Court pursuant to 28 U.S.C. § 1331 because her claims arise from federal law. Plaintiff expressly contends that Defendants violated federal law. (Compl. ¶¶ 46, 58, 59, 60, 61 and 64). The District Court has subject matter jurisdiction over this action because Plaintiff has asserted claims involving questions that will require resolution of significant disputed issues of federal law. Because the outcome of this case depends upon substantial questions of federal law, it constitutes a case "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

11. All other claims alleged in the Plaintiff's Complaint stem from the same operative facts as Plaintiff's federal claims; therefore, the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

12. By filing this Notice of Removal, Defendants do not waive any of their denials, objections or affirmative defenses.

13. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a written notice of this removal, attached hereto as **Exhibit A,** with the Clerk of the Circuit Court for Hampton, Virginia.

14. Defendants have also mailed a copy of this Notice of Removal to Plaintiff in accordance with 28 U.S.C. § 1446(d).

15. As required by 28 U.S.C. § 1446(a), all pleadings from the Circuit Court are attached hereto as **Exhibit B**.

WHEREFORE, defendants, U.S. Bank National Association, as Trustee for the Structured Asset Securities Corp. Mortgage Pass-Through Certificates, 2006-EQ1, Wells Fargo Bank, N.A., d/b/a Americas Servicing Company, Equity Trustees, LLC and Mortgage Electronic Registration Service, Inc., respectfully remove this action, Case Number CL12-1002 from the Circuit Court for the City of Hampton, Virginia to the United States District Court for the Eastern District of Virginia, Newport News Division.

Respectfully submitted, this 8th day of May 2012.

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE STRUCTURED ASSET SECURITIES CORP. MORTGAGE PASS-THROUGH CERTIFICATES, 2006, WELLS FARGO BANK, N.A., D/B/A AMERICAS SERVICING COMPANY, EQUITY TRUSTEES, LLC AND MORTGAGE ELECTRONIC REGISTRATION SERVICE, INC.

By: _____
Hunter W. Sims, Jr. (VSB No. 9218)
Email: hwsims@kaufcan.com
J. Bradley Reaves (VSB No. 71389)
Email: jbreaves@kaufcan.com
R. Ellen Coley (VSB No. 75970)
Email: recoley@kaufcan.com
Kaufman & Canoles, P. C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
(757) 624-3000
(757) 624-3169 Facsimile
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of May 2012, a true copy of the foregoing was sent *via* First-Class mail, postage prepaid, to:

> Leonard A. Bennett, Esq.
> Robin A. Abbot, Esq.
> Gary L. Abbot, Esq.
> CONSUMER LITIGATION ASSOC., P.C.
> 763 J. Clyde Morris Blvd., Suite 1-A
> Newport News, VA 23601
> (757) 930-3660
> (757) 930-3662
> *Counsel for Plaintiff*

> By: _____/s/_____
> Hunter W. Sims, Jr. (VSB No. 9218)
> Email: hwsims@kaufcan.com
> J. Bradley Reaves (VSB No. 71389)
> Email: jbreaves@kaufcan.com
> R. Ellen Coley (VSB No. 75970)
> Email: recoley@kaufcan.com
> Kaufman & Canoles, P. C.
> 150 West Main Street, Suite 2100
> Norfolk, VA 23510
> (757) 624-3000
> (757) 624-3169 Facsimile
> *Counsel for Defendants*

11692361_1.DOC