IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**



SEBRENA Y. TUCKER,

      **Plaintiff,**

v.                             Civil Action No.: 2:11cv _69_

U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR THE STRUCTURED
ASSET SECURITIES CORP. MORTGAGE
PASS-THROUGH CERTIFICATES,
2006-EQ1,

WELLS FARGO, N.A. d/b/a
AMERICA'S SERVICING COMPANY,

EQUITY TRUSTEES, LLC,

AND

MORTGAGE ELECTRONIC
REGISTRATION SERVICE, INC.,

      **Defendants.**

## MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS COMPLAINT

Defendants, U.S. Bank National Association, as Trustee for the Structured Asset Securities Corp. Mortgage Pass-Through Certificates, 2006-EQ1 ("U.S. Bank"), Wells Fargo Bank, N.A., d/b/a Americas Servicing Company ("ASC"), Equity Trustees, LLC ("Equity Trustees") and Mortgage Electronic Registration Service, Inc. ("MERS") (collectively, "Defendants"), by and through counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for their Memorandum in Support of Defendants' Motion to Dismiss Complaint of plaintiff, Sebrena Y. Tucker ("Plaintiff"), respectfully state as follows:

1

## I.    INTRODUCTION

Plaintiff's Complaint arises from her attempt to modify her home mortgage loan with defendant ASC through the federal Home Affordable Modification Program ("HAMP"). Plaintiff has failed to allege she provided proper notice to Defendants prior to commencing this action, as required by the Deed of Trust. Therefore, her claims are barred and this Court should dismiss this action.

Furthermore, each of Plaintiff's counts fails to state a claim. In Count I (Breach of Contract for Breach of the Implied Covenant of Good Faith and Fair Dealing), Plaintiff contends that Defendants U.S. Bank and ASC breached the Implied Covenant of Good Faith and Fair Dealing for certain actions related to Plaintiff's application for a HAMP loan modification. This claim should be dismissed because HAMP does not allow for a private cause of action for its alleged violation. Pennington v. PNC Mortg., No. 2:10cv361, 2010 U.S. Dist. Lexis 143157, at *9-10 (E.D. Va. Aug. 11, 2010). Further, Count I fails to state a claim because foreclosure is an express right under the Deed of Trust and Plaintiff does not allege any action that extinguishes this right. A lender's refusal to modify a loan cannot form the basis for a claim for breach of the implied covenant of good faith and fair dealing. Count II (Violation of the Equal Credit Opportunity Act) also fails to set forth a claim for relief because Plaintiff has not alleged Defendants committed an "adverse action" that triggers that Act's notice provisions. Count III (Violation of the Real Estate Settlement Procedures Act) should be dismissed because in support of this claim, Plaintiff merely recites the possible bases for liability provided by that Act. Because Plaintiff has failed to set forth a plausible claim for relief as to any of her counts, this Court should also dismiss any claim for injunctive relief.

2

Finally, this Court should strike Plaintiff's request for punitive damages and emotional damages because she provides no basis for this relief. Ultimately, the Complaint should be dismissed in its entirety, with prejudice.

## II.   ALLEGATIONS

Plaintiff's claims relate to her residential mortgage loan secured by property located at 474 Holloman Drive, Hampton, Virginia (the "Property"). (Compl. ¶ 1.) The Property was encumbered by a Deed of Trust securing Plaintiff's loan on or about February 20, 2009 (Id. ¶ 6.) The Deed of Trust provided that upon certain conditions, the Trustee under the Deed of Trust could invoke the power of sale. (See Deed of Trust) (attached hereto as **Exhibit A**).[1]

The crux of Plaintiff's Complaint arises from her attempt to modify her residential mortgage loan through HAMP. According to the Complaint, Defendant ASC allegedly approved Plaintiff for a trial modification period, which placed Plaintiff on a reduced payment schedule. (Id. ¶ 12.) Plaintiff allegedly made payments under this reduced schedule for the months of January through May of 2010. (Compl. ¶¶ 12-19.) In June 2010, ASC denied Plaintiff's loan modification under HAMP due to Plaintiff's failure to provide requested documentation. (Id. ¶ 20.)[2]

Plaintiff alleges, upon information and belief, that ASC initiated foreclosure on the Property. (Id. ¶ 23.) Plaintiff allegedly filed complaints against ASC with several third parties. (Id. ¶ 24.) ASC allegedly offered Plaintiff three subsequent loan modifications, all of which Plaintiff rejected. (Id. ¶¶ 25-30.) On or about June 9, 2011, Plaintiff received a letter informing her she had been denied a loan modification under HAMP. (Id. ¶ 31.) Plaintiff contests the

---

[1] In considering a motion to dismiss under Rule 12(b)(6), a court may consider documents referenced in the complaint. Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004). The Note and Deed of Trust were referenced in Plaintiff's Complaint. (Compl. ¶¶ 34, 45, 46, 50.) Thus, this Court may properly consider these documents in ruling on the Motion to Dismiss.

[2] Attached to Plaintiff's Complaint as Exhibit C is a letter stating that Plaintiff's loan modification was denied due to her negative Net Present Value (NPV) status. (Compl. Ex. C.)

amount claimed due by the Defendants, specifically that ASC has made unlawful charges to Plaintiff's mortgage account. (Id. ¶¶ 33-34.)   Plaintiff further alleges that Defendant Equity Trustees is without authority to act as Substitute Trustee and that Defendants U.S. Bank and ASC do not have authority to foreclose on the property. (Id. ¶¶ 34, 36.)

## III.   ARGUMENT

### A.   Standard of Review.

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal when the plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must state a claim for relief that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). This requires a "two-pronged approach" under which the Court will first identify the factual allegations in the Complaint entitled to an assumption of truth, and then determine "whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 579 (2009). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint ... a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff." Starks v. Abbasi, No. 3:08cv710, 2009 U.S. Dist. LEXIS 83929, at *1 (E.D. Va. Sept. 15, 2009) (citing Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993)).

### B.   The Complaint Should be Dismissed because the Deed of Trust Bars Plaintiff's Claims.

Plaintiff is barred from bringing this action. Plaintiff fails to affirmatively allege that she provided the "Notice of Grievance" as required by Section 20 of the Deed of Trust. (Ex. A.) Where the Deed of Trust provides that the plaintiff borrower must provide proper notice before commencing judicial action, and all of the plaintiff's allegations arise from actions taken pursuant to the Deed of Trust, the action should be dismissed. See Johnson v. Countrywide

4

Home Loans, Inc, No. 1:10CV1018, 2010 U.S. Dist. LEXIS 131112 (E.D. Va. Dec. 10, 2010) (dismissing RESPA claim in accordance with notice provision in Deed of Trust).

### C.   The Complaint Should be Dismissed because HAMP does not allow for a private cause of action.

Plaintiff's breach of contract claim for breach of the implied covenant of good faith and fair dealing stem in part from alleged violations of HAMP guidelines. (Compl. ¶ 46.) As this Court has previously held, there is no private cause of action under HAMP against participating mortgage servicers. Pennington, 2010 U.S. Dist. Lexis 143157, at *6. Plaintiff's remedy is to sue the Secretary of the Treasury. Id. Plaintiff is simply not permitted to enforce HAMP against the Defendants. Because Plaintiff's Complaint is based upon HAMP violations, the Complaint should be dismissed in its entirety with prejudice. See Bourdelais v. J.P. Morgan Chase Bank, N.A., No. 3:10-cv-670-HEH, 2011 WL 1306311, *6 (E.D. Va. Apr. 1, 2011).

In Everette v. Bank of America, No. 2:12cv18, 2012 U.S. Dist. LEXIS 58766, at *6-8 (E.D. Va. Apr. 26, 2012), this Court dismissed plaintiffs' claim for breach of the implied covenant of good faith and fair dealing, reasoning that such claims were "effectively claims based upon violations of HAMP." This Court further stated the following:

> Given that courts in this jurisdiction have held consistently that there is no private right of action under HAMP, this Court will not permit Plaintiffs to bring a HAMP claim under the guise of claims for breach of the covenants of good faith or fair dealing. Plaintiffs' allegation that a breach of these covenants occurred when Bank of America "falsely assured" them of the status of their HAMP application or that Bank of America failed to comply with HAMP by not modifying their loans cannot be said to be an independent action arising from anything other than HAMP.

Id. *7-8.

Just as in <u>Everette</u>, the allegations in this case are effectively claims based upon HAMP violations.[3] Thus, this Court should not permit Plaintiff to bring HAMP claims—for which there is no private right of action—under the guise of claims for breach of the implied covenant of good faith and fair dealing. <u>Id.; see also</u> <u>Correll v. Bank of Am.</u>, No. 2:11cv477, 2012 U.S. Dist. LEXIS 12960, *9-13 (E.D. Va. Feb. 2, 2012); <u>McInnis v. BAC Home Loan Servicing</u>, LP, No. 2:11cv468, 2012 U.S. Dist. LEXIS 13653, *25-29 (E.D. Va. Jan. 13, 2012); <u>Parks v. BAC Home Loan Servicing, LP</u>, No. 3:11cv541-JAG, 2011 U.S. Dist. LEXIS 125920, *9 (E.D. Va. Oct. 31, 2011).

**D.**    <u>Count I should be dismissed because Virginia law does not recognize a claim for breach of covenant of good faith and fair dealing when the alleged violation is an express contractual right.</u>

Even if this Court determines that Plaintiff's allegations are independent of HAMP, she still fails to set forth a claim for relief in all of the individual counts. Specifically, the breach of contract for breach of the implied covenant of good faith and fair dealing allegations in the Complaint are insufficient to state a claim and should be dismissed pursuant to Rule 12(b)(6).

This Court should dismiss Plaintiff's claim for breach of the implied covenant of good faith and fair dealing because Defendants had a contractual right to accelerate payment and ultimately foreclose on the Property. Under Virginia law, "[a]n implied duty of good faith cannot be used to override or modify explicit contractual terms." <u>Riggs Nat. Bank of</u>

---

[3] Under her Count for breach of the implied covenant of good faith and fair dealing, Plaintiff alleges that U.S. Bank and ASC breached their duty of good faith and fair dealing by "falsely informing her that she had to be in default on her mortgage in order to be considered for a loan modification under HAMP; (2) falsely informing her that since she was current on her mortgage, she would have to miss a payment in order to qualify for HAMP; (3) inducing her into a HAMP loan modification application and trial payment plan without disclosing that it would consider the reduced monthly payment to be a delinquency or default that would place her loan into arrears and would trigger foreclosure; (4) instead of applying payments made under the Trial Payment Program to reduce the principal and pay the interest and escrow on her mortgage, ASC put the payments into an escrow account; (5) despite telling the Plaintiff that her application was complete, ASC sent her a letter stating that she had been kicked out of the Trial Payment Program for Plaintiff's failure to submit documentation, documentation she sent to ASC on numerous occasions; (6) failing to abide by the terms of the Note and Deed of Trust that govern the original loan; (7) failing to follow HAMP guidelines; (8) and failing to properly safeguard and maintain important documents provided by Ms. Tucker." (Compl. ¶ 46.)

Washington, D.C. v. Linch, 36 F.3d 370, 373 (4th Cir. 1994). To do so would "have the Court impose a duty on [a defendant] to abstain from their bargained-for contractual rights. Doing so implicitly imposes new duties which would [be] ... impermissible under the doctrine of good faith and fair dealing." Indep. Fed. Sav. Bank v. Briley, No. Civ. A. 1:08cv1189, 2009 WL 3498110, at *5 (E.D. Va. Oct. 27, 2009), aff'd, 393 F. App'x 66 (4th Cir. 2010). The only caveat to this rule lies in discretionary actions by a party under contract, as "although the duty of good faith does not prevent a party from exercising its *explicit* contractual rights, a party may not exercise contractual *discretion* in bad faith." Va. Vermiculite, Ltd. v. W.R. Grace & Co., 156 F.3d 535, 542 (4th Cir. 1998)(emphasis added). The duty of good faith, however, cannot be extended to compel a party to modify the terms of an existing contract. Wachovia Bank, N.A. v. Preston Lake Homes, LLC, 750 F. Supp. 2d 682, 689 (W.D. Va. 2010).

The Court should dismiss the claim for breach of the implied covenant of good faith and fair dealing because Defendants had the ***contractual right*** to take all actions alleged in the Complaint. The Plaintiff fails to allege a single fact that would put the Defendants on notice as to how they have breached any discretionary right that rises to level of a breach of the implied covenant of good faith and fair dealing.

As discussed above, to the extent Count I relies upon Defendants' actions related to HAMP, such claims should be dismissed because Plaintiff cannot bring a private cause of action to enforce HAMP guidelines. More importantly, the Note and Deed of Trust clearly provide the right to accelerate payment of the Note, substitute a trustee, and ultimately foreclose on the Property. That ASC declined to modify the terms of the Plaintiff's loan ***does not*** form the basis of a breach of the implied covenant of good faith and fair dealing. See Id. A lender does not breach implied duties when it exercises its rights under a note and deed of trust by foreclosing on property owned by defaulting borrowers, despite efforts by both lender and borrower to avoid

such a result. Washington v. CitiMortgage, Inc., No. 3:10cv887, 2011 WL 1871228, at *9 (E.D. Va. May 16, 2011). Accordingly, the Court should dismiss the Plaintiff's claims for breach of implied covenant of good faith and fair dealing pursuant to Rule 12(b)(6).

**E.   Count II should be dismissed because Plaintiff has failed to allege an "adverse action" as defined by the Equal Credit Opportunity Act or its Virginia Equivalent.**

Plaintiff alleges that U.S. Bank and ASC violated the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691(d), and its Virginia counterpart ("VECOA"), Virginia Code §§ 6.2-500,[4] et seq. (collectively, "ECOA"), by failing to provide her with a proper notification upon denial of her loan modification application.[5] (Compl. ¶¶ 56-59.)  In particular, Plaintiff claims that U.S. Bank and ASC's denial of her loan modification application was an "adverse action" within the meaning of the ECOA (Compl. ¶ 57.)

To state a cause of action for a procedural violation of ECOA, a plaintiff must demonstrate that she submitted a completed application for credit and "the defendant(s) denied or terminated the plaintiff's credit and failed to provide proper written notice of the adverse action." Jefferson v. Briner Inc., No. CIV A 3:05CV652, 2006 WL 1720692, at *4 (E.D. Va. June 21, 2006); see also 15 U.S.C. § 1691(d); 12 C.F.R. § 202.9(a); Va. Code Ann. § 6.2-500, 502-03; McHatten v. Chase Home Fin. LLC, No. CV03-1094-PCT, 2010 WL 3882587, at *8 (D. Ariz. Sept. 29, 2010); Howard v. Brim, No. CIVA 3:06CV70, 2006 WL 4757828, at *5 (W.D.N.C. June 8, 2006), aff'd, 224 F. App'x 268 (4th Cir. 2007).  There are a number of exceptions to the definition of "adverse action," including a creditor's refusal to extend credit when the consumer is delinquent or otherwise in default. 15 U.S.C. § 1691(d)(2)(6); Va. Code § 6.2-500.

---

[4] Virginia's Equal Credit Opportunity Act is set forth in Virginia Code § 6.2-500 et seq. rather than Virginia Code § 59.1-21.21 et seq. as alleged in the Complaint.
[5] Plaintiff cannot assert claims pursuant to ECOA and VECOA simultaneously. Both statutes expressly state that aggrieved individuals may only bring a lawsuit under either ECOA or state law, "but not both." See 15 U.S.C. § 1691d(e); Va. Code § 6.2-512.

"The default status of a consumer is determined at the time the creditor takes action with respect to the consumer, rather than at the time the consumer applies for credit." Davis v. CitiMortgage, Inc., No. 10-12136, 2011 U.S. Dist. LEXIS 25179, at *7 (E.D. Mich. Mar. 11, 2011). Plaintiff failed to allege that she was not in default at the time her HAMP modification was denied. Accordingly, this Court should dismiss her claim under ECOA because Defendants' actions do not constitute an "adverse action" under the ECOA.

F.     **Count III should be dismissed because Plaintiff failed to state a plausible claim for relief under the Real Estate Settlement Procedures Act.**

Plaintiff has failed to allege any facts as to how Defendants are liable under the Real Estate Settlement Procedures Act ("RESPA") and such claim should be dismissed. A review of the Complaint reveals that Plaintiff has merely recited the plausible bases for liability under RESPA. (Compl. ¶ 64). Plaintiff has alleged no facts supporting the allegation that Plaintiff submitted "qualified written requests" as defined by RESPA. Plaintiff has also failed to allege how ASC's response to such purported requests was untimely or how its investigation of Plaintiff's inquiry was untimely or inappropriate. Indeed, upon information and belief, ASC provided a timely written response and explanation upon Plaintiff's inquiries. Finally, Plaintiff provides no facts to support the allegation that Defendants continued to report to credit bureaus in violation of RESPA.

This Court is not "bound to accept as true legal conclusion[s]...couched as factual allegation[s]." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-50 (2009). Plaintiff has done nothing more than baldly assert ASC violated RESPA; therefore, this Court should dismiss Count III as Plaintiff has not stated a claim for relief that is plausible on its face. Twombly, 550 U.S. at 570.

### G.    Injunctive Relief

In the Complaint, Plaintiff also requests a preliminary and permanent injunction. However, this request should be denied. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 570). Plaintiff has not pled factual allegations sufficient to permit this Court to draw a reasonable inference that she would succeed on the merits of her claims. As set forth above, Plaintiff cannot prevail on any of her legal claims.

Nevertheless, Plaintiff seeks an order from this Court preventing Defendants from foreclosing on the property and "continuing to harm Plaintiff." Furthermore, Plaintiff seeks an Order forcing Defendants to "adopt and enforce a policy that requires appropriate training of its employees and agents regarding their duties under HAMP," "provide a full accounting of Plaintiff's mortgage loan," and "show lawful authority to conduct a foreclosure of Plaintiff's property and order the Defendant U.S. Bank to produce the note or in the alternative or show to this Honorable Court what actions it has taken to obtain the original note." (Compl. WHEREFORE clause).

Federal Rule of Civil Procedure 65 authorizes a federal court to issue injunctive relief, including temporary restraining orders and preliminary injunctions. In order to obtain a preliminary injunction, a party must prove that: (1) he is likely to succeed on the merits of his case; (2) that he is likely to suffer irreparable harm in the absence of injunctive relief; (3) that the balance of the equities tips in his favor; and (4) that an injunction would be in the public interest. See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The standard for granting preliminary injunctions articulated in Winter is now applied in the Fourth Circuit. See Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 347 (4th Cir. 2009) (replacing

10

the long-standing analytical framework employed in <u>Blackwelder Furniture Co. v. Seilig Mfg.</u>
<u>Co.</u>, 550 F.2d 189 (4th Cir. 1977)).

The Court should deny Plaintiff's various demands for injunctive relief because the facts
as alleged do not warrant this extraordinary relief. Given the deficiencies of the Complaint, as
set forth in detail above, Plaintiff is unlikely to succeed on the merits of her claims. In addition,
Plaintiff has not demonstrated that she is likely to suffer "irreparable harm" in the absence of
injunctive relief. Further, the "balance of the equities" does not tip in the Plaintiff's favor. To
enjoin any foreclosure would prevent Defendants from the benefit of their bargain. In addition,
it is not in the public interest to grant the Plaintiff injunctive relief. The Commonwealth of
Virginia has enacted a statutory scheme that governs foreclosures consistent with the contract
between the parties. Accordingly, Plaintiff utterly fails to meet the elevated showing required for
issuance of a preliminary injunction and any request by Plaintiff for injunctive relief should be
denied.

**H.    This Court should strike Plaintiff's claim for punitive damages and damages
for emotional or mental distress.**

To the extent the Complaint is not dismissed in its entirety, Plaintiff's request for punitive
damages should be struck because there is no basis for such relief. Virginia courts do not favor
punitive damages, "[b]ecause punitive damages are in the nature of a penalty, [and] they should
be awarded only in cases of the most egregious conduct." <u>Philip Morris, Inc. v. Emerson</u>, 235
Va. 380, 407, 368 S.E.2d 268, 283 (1988). A plaintiff seeking punitive damages must allege
facts sufficient to establish reckless, intentional, or willful behavior. <u>Green v. Ingram</u>, 269 Va.
281, 291-92, 608 S.E.2d 917, 923 (2005).

In the Complaint, Plaintiff offers no factual support whatsoever to support her request for
punitive damages. There are no facts or allegations that Defendants acted with reckless,

11

intentional, or willful behavior. Accordingly, this Court should dismiss Plaintiff's request for punitive damages.

Rule 8 of the Federal Rules of Civil Procedure requires that a Complaint show "that the pleader is entitled to relief." Fed. R. Civ. P. 8. Plaintiff has failed to show how she is entitled to punitive damages based upon the allegations set forth in the Complaint. Therefore, to the extent that the Complaint is not dismissed (which it should be), this Court should strike Plaintiff's request for punitive damages.

Similarly, this Court should dismiss Plaintiff's claim for damages for emotional or mental distress as such damages are typically not awarded as contract damages, nor do the Plaintiff's claims fall into the narrow line of contract cases where such damages are available. Damages for "emotional disturbances are not ordinarily allowed in contract actions, subject to two exceptions." Moorehead v. State Farm Fire & Cas. Co., 123 F. Supp. 2d 1004, 1006 (W.D.Va. 2000). There "may be no recovery for emotional disturbance ... unless the breach also caused bodily harm," York v. Jones, 717 F. Supp. 421, 423 (E.D. Va. 1989)," or where contract or the breach is of such a kind that serious emotional disturbance was a particularly likely result," Moorehead, 123 F. Supp. 2d at 1007 (internal citations omitted). Examples of these types of contracts include contracts for the disposal of dead bodies, contracts for the delivery of messages concerning death and "contracts for carriers and innkeepers with passengers and guests." Id. (quoting Restatement (Second) of Contracts § 353)).

The Court should dismiss any claim related to the recovery of damages for emotional distress because the Plaintiff's allegations do not fall within the noted two exceptions to the general rule that there can no recovery in contract for emotional damages. First, she does not allege any bodily harm. The contract involved in this case – one for the borrowing of money secured by real property as collateral – is not the type of contract the breach of which could

12

serious emotional disturbance. The Note and Deed of Trust make clear that a default on the Loan could result in forfeiture of the Plaintiff's Property. While the Defendants concede that foreclosure is likely upsetting and unfortunate, it was a result considered by the parties at the time of contract formation. The Plaintiff cannot now claim damages for emotional distress for foreclosure when he knew it was likely in the event of a default. The Court should dismiss any claim for damages based on emotional distress.

## IV.  CONCLUSION

For the foregoing reasons, this Court should grant Defendants' Motion to Dismiss and dismiss Plaintiff's Complaint in its entirety with prejudice for failure to state a claim upon which relief can be granted.

**U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE STRUCTURED ASSET SECURITIES CORP. MORTGAGE PASS-THROUGH CERTIFICATES, 2006, WELLS FARGO BANK, N.A., D/B/A AMERICAS SERVICING COMPANY, EQUITY TRUSTEES, LLC AND MORTGAGE ELECTRONIC REGISTRATION SERVICE, INC.**

By: _____
                          Of Counsel

Hunter W. Sims, Jr. (VSB No. 9218)
Email: hwsims@kaufcan.com
J. Bradley Reaves (VSB No. 71389)
Email: jbreaves@kaufcan.com
R. Ellen Coley (VSB No. 75970)
Email: recoley@kaufcan.com
Kaufman & Canoles, P. C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
(757) 624-3000
(757) 624-3169 Facsimile
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of May 2012, a true copy of the foregoing was sent

*via* First-Class mail, postage prepaid, to:

> Leonard A. Bennett, Esq.
> Robin A. Abbot, Esq.
> Gary L. Abbot, Esq.
> CONSUMER LITIGATION ASSOC., P.C.
> 763 J. Clyde Morris Blvd., Suite 1-A
> Newport News, VA 23601
> (757) 930-3660
> (757) 930-3662
> *Counsel for Plaintiff*

> By: _____
> Hunter W. Sims, Jr. (VSB No. 9218)
> Email: hwsims@kaufcan.com
> J. Bradley Reaves (VSB No. 71389)
> Email: jbreaves@kaufcan.com
> R. Ellen Coley (VSB No. 75970)
> Email: recoley@kaufcan.com
> Kaufman & Canoles, P. C.
> 150 West Main Street, Suite 2100
> Norfolk, VA 23510
> (757) 624-3000
> (757) 624-3169 Facsimile
> *Counsel for Defendants*

11692050_2.DOC